UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABBEY HOUSE MEDIA, INC. d/b/a
BOOKSONBOARD,

      Plaintiff,

 v.

APPLE, INC.; HACHETTE BOOK GROUP, INC.;
HARPERCOLLINS PUBLISHERS, L.L.C.;
VERLAGSGRUPPE GEORG VON
HOLTZBRINCK GMBH; HOLTZBRINCK
PUBLISHERS, LLC d/b/a MACMILLAN; THE
PENGUIN GROUP, A DIVISION OF PEARSON
PLC.; and SIMON & SCHUSTER, INC.

      Defendants.

14 Civ. 2000 (DLC)

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HARPERCOLLINS
PUBLISHERS L.L.C. TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant HarperCollins Publishers L.L.C. ("HarperCollins") responds to the First Amended Complaint ("Amended Complaint") by Abbey House Media, Inc. d/b/a BooksOnBoard ("BooksOnBoard") as follows. Except as specifically admitted, HarperCollins denies the allegations in the Amended Complaint. Unless otherwise noted, all references to a specified paragraph refer to the numbered paragraphs in the Amended Complaint.

1. Pursuant to Federal Rule of Civil Procedure 10(c), HarperCollins hereby incorporates its answer filed on July 21, 2014 ("HarperCollins' Answer"). HarperCollins avers that BooksOnBoard's Amended Complaint is largely duplicative of its Complaint; that BooksOnBoard's Amended Complaint paragraphs 1-95 correspond to BooksOnBoard's Complaint paragraphs 1-95; that BooksOnBoard's Amended Complaint paragraphs 98-114 correspond to BooksOnBoard's Complaint paragraphs 96-112; and that BooksOnBoard's Amended Complaint paragraphs 118-133 correspond to BooksOnBoard's Complaint paragraphs

1

113-128; and therefore HarperCollins incorporates its Answers from July 21, 2014 to the corresponding paragraphs in the Amended Complaint. In particular, as to paragraphs 1-95 of BooksOnBoard's Amended Complaint, HarperCollins incorporates paragraphs 1-95, and all its affirmative defenses, from HarperCollins' Answer to the corresponding paragraphs in BooksOnBoard's Amended Complaint. As to paragraphs 98-114 of BooksOnBoard's Amended Complaint, HarperCollins incorporates paragraphs 96-112, and all its affirmative defenses, from HarperCollins' Answer to the corresponding paragraphs in BooksOnBoard's Amended Complaint. As to paragraphs 118-133 of BooksOnBoard's Amended Complaint, HarperCollins incorporates paragraphs 113-128, and all its affirmative defenses, from HarperCollins' Answer to the corresponding paragraphs in BooksOnBoard's Amended Complaint.

2. To the extent the allegations in paragraph 96 of BooksOnBoard's Amended Complaint exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, HarperCollins is not obligated to respond. HarperCollins admits that it entered into agency retail distribution agreements with e-book retailers in the United States beginning in April 2010. HarperCollins further admits that it subsequently entered into an agency retail distribution agreement with BooksOnBoard acting as a sub-agent to sell e-books in the United States. HarperCollins denies that it entered into an agency distribution agreement with BooksOnBoard for any territories outside of the United States. HarperCollins denies the remaining averments in paragraph 96 to the extent that they relate to HarperCollins. HarperCollins is without knowledge or information sufficient to form a belief as to the truth of remaining averments in paragraph 96, which are therefore denied.

3. To the extent the allegations in paragraph 97 of BooksOnBoard's Amended Complaint exceed the scope of the amendment permitted in the Court's December 3, 2014 Order

granting leave to amend, HarperCollins is not obligated to respond. HarperCollins lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 97, and on that basis denies them.

4. To the extent the allegations in paragraph 115 of BooksOnBoard's Amended Complaint exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, HarperCollins is not obligated to respond. Any referenced document speaks for itself. The allegations set forth in paragraph 115 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, HarperCollins denies the remaining allegations in paragraph 115.

5. To the extent the allegations in paragraph 116 of BooksOnBoard's Amended Complaint exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, HarperCollins is not obligated to respond. To the extent that the allegations set forth in paragraph 116 constitute conclusions of law, no responsive pleading is required. To the extent that the allegations set forth in paragraph 116 may be deemed to allege facts relating to HarperCollins, HarperCollins denies them. HarperCollins lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 116, and on that basis denies them.

6. To the extent the allegations in paragraph 117 of BooksOnBoard's Amended Complaint exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, HarperCollins is not obligated to respond. To the extent that the allegations set forth in paragraph 117 constitute conclusions of law, no responsive pleading is required. To the extent that the allegations set forth in paragraph 117 may be deemed to allege facts relating to HarperCollins, HarperCollins denies them. HarperCollins lacks sufficient

70316568v1

knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 117, and on that basis denies them.

To the extent that the Complaint sets forth any allegations to which HarperCollins has not responded above, these are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Federal Rule of Civil Procedure 10(c), HarperCollins hereby incorporates its First through Seventeenth Affirmative Defenses filed on July 21, 2014 and asserts each incorporated Affirmative Defense as to all allegations and claims in BooksOnBoard's Amended Complaint. HarperCollins sets forth below its additional affirmative defenses in response to BooksOnBoard's Amended Complaint. Each defense is asserted as to all claims against HarperCollins. By setting forth these affirmative defenses, HarperCollins does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the plaintiffs. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the plaintiff's allegations.

As separate and distinct affirmative defenses, HarperCollins alleges as follows:

## EIGHTEENTH DEFENSE

Plaintiff's claims against HarperCollins are barred because the conduct alleged in the complaint has not had a direct, substantial, and reasonably foreseeable effect on export trade or export commerce with foreign nations, of a person engaged in such trade or commerce in the United States, and does not otherwise satisfy the elements of the Foreign Trade Antitrust Improvements Act as codified at 15 U.S.C. § 6a.

70316568v1

## NINETEENTH DEFENSE

Plaintiff's claims against HarperCollins are barred, in whole or in part, because the new allegations added in Plaintiff's Amended Complaint exceed the scope of the amendment permitted by the Court in its December 3, 2014 Order granting leave to amend.

## ADDITIONAL DEFENSES

HarperCollins hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent HarperCollins may share in such a defense. HarperCollins reserves the right to amend this Answer, and to assert additional defenses, cross-claims, and third party claims in this action when and if they become appropriate.

WHEREFORE, HarperCollins respectfully requests that this Honorable Court enter judgment in its favor and against plaintiff as to every element of plaintiff's Prayer for Relief, dismiss plaintiff's Complaint with prejudice, and award HarperCollins all such other relief that this Honorable Court deems just and proper, including but not limited to all fees, expenses and court costs if, and to the extent, allowable under law.

Dated: February 9, 2015

By: /s/ Charles Scott Lent

Charles Scott Lent
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 715-1784
Fax: (212) 715-1399
Email: scott.lent@aporter.com

*Attorney for Defendant HarperCollins Publishers L.L.C.*

70316568v1