UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABBEY HOUSE MEDIA, INC. d/b/a BOOKSONBOARD,<br><br>      Plaintiff,<br><br> v.<br><br>APPLE, INC.; HACHETTE BOOK GROUP, INC.; HARPERCOLLINS PUBLISHERS, L.L.C.; VERLAGSGRUPPE GEORG VON HOLTZBRINCK GMBH; HOLTZBRINCK PUBLISHERS, LLC d/b/a MACMILLAN; THE PENGUIN GROUP, A DIVISION OF PEARSON PLC.; and SIMON & SCHUSTER, INC.,<br><br>      Defendants. | 14 Civ. 2000 (DLC) |

**ANSWER AND AFFIRMATIVE DEFENSES OF HOLTZBRINCK PUBLISHERS, LLC D/B/A MACMILLAN TO THE BOOKSONBOARD AMENDED COMPLAINT**

Pursuant to Rules 7, 8, and 15 of the Federal Rules of Civil Procedure, Defendant Holtzbrinck Publishers, LLC d/b/a Macmillan ("Macmillan") hereby answers the First Amended Complaint (14-cv-2000 Docket Entry 89) (the "Amended Complaint") by Abbey House Media, Inc. d/b/a BooksOnBoard ("BooksOnBoard") as follows. Except as specifically admitted, Macmillan denies the allegations in the Amended Complaint. Unless otherwise noted, all references to a specified paragraph refer to the numbered paragraphs in the Amended Complaint.

  1.  Pursuant to Federal Rule of Civil Procedure 10(c), Macmillan hereby incorporates its answer filed on July 21, 2014 (14-cv-2000 Docket Entry 47) ("Macmillan's Answer"). Macmillan avers that BooksOnBoard's Amended Complaint is largely duplicative of its Complaint; that BooksOnBoard's Amended Complaint paragraphs 1-95 correspond to BooksOnBoard's Complaint paragraphs 1-95; that BooksOnBoard's Amended Complaint paragraphs 98-114 correspond to BooksOnBoard's Complaint paragraphs 96-112; and that

BooksOnBoard's Amended Complaint paragraphs 118-133 correspond to BooksOnBoard's Complaint paragraphs 113-128. In particular, as to paragraphs 1-95 of BooksOnBoard's Amended Complaint, Macmillan incorporates paragraphs 1-95, and all its affirmative defenses, from Macmillan's July 21, 2014 Answer to the corresponding paragraphs in BooksOnBoard's Amended Complaint. As to paragraphs 98-114 of BooksOnBoard's Amended Complaint, Macmillan incorporates paragraphs 96-112, and all its affirmative defenses, from Macmillan's July 21, 2014 Answer to the corresponding paragraphs in BooksOnBoard's Amended Complaint. As to paragraphs 118-133 of BooksOnBoard's Amended Complaint, Macmillan incorporates paragraphs 113-129, and all its affirmative defenses, from Macmillan's July 21, 2014 Answer to the corresponding paragraphs in BooksOnBoard's Amended Complaint.

2. As to BooksOnBoard's Amended Complaint paragraph 96, Macmillan avers that to the extent the allegations in paragraph 96 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, Macmillan is not obligated to respond. Macmillan admits that it entered into agency retail distribution agreements with e-book retailers in the United States beginning in April 2010. Macmillan denies the remaining allegations in paragraph 96 to the extent that they relate to Macmillan. Macmillan lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 96, and on that basis denies them.

3. As to BooksOnBoard's Amended Complaint paragraph 97, Macmillan avers that to the extent the allegations in paragraph 97 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, Macmillan is not obligated to respond. Macmillan denies the remaining allegations in paragraph 97 to the extent that they

relate to Macmillan. Macmillan lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 97, and on that basis denies them.

4. As to BooksOnBoard's Amended Complaint paragraph 115, Macmillan avers that to the extent the allegations in paragraph 115 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, Macmillan is not obligated to respond. Macmillan admits that plaintiffs purport to quote excerpts from a decision by this Court following a trial between the United States and Apple in which Macmillan did not take part and that has no preclusive effect as to Macmillan, and refers to the quoted order for a true and complete statement of its contents. Macmillan avers that to the extent the allegations in paragraph 115 purport to state a legal conclusion, no response is required. To the extent a response is required, Macmillan denies the remaining allegations in paragraph 115.

5. As to BooksOnBoard's Amended Complaint paragraph 116, Macmillan avers that to the extent the allegations in paragraph 116 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, Macmillan is not obligated to respond.. Macmillan further avers that to the extent the allegations in paragraph 116 purport to state a legal conclusion, no response is required. Macmillan denies the remaining allegations in paragraph 116 to the extent that they relate to Macmillan. Macmillan lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 116, and on that basis denies them.

6. As to BooksOnBoard's Amended Complaint paragraph 117, Macmillan avers that to the extent the allegations in paragraph 117 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, Macmillan is not obligated to respond. Macmillan further avers that to the extent the allegations in paragraph 117 purport to

state a legal conclusion, no response is required. Macmillan denies the remaining allegations in paragraph 117 to the extent that they relate to Macmillan. Macmillan lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 117, and on that basis denies them.

To the extent that the Amended Complaint sets forth any allegations to which Macmillan has not responded above, these are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Federal Rule of Civil Procedure 10(c), Macmillan hereby incorporates its First through Fourteenth Affirmative Defenses filed on July 21, 2014 (14-cv-2000 Docket Entry 47) and asserts each incorporated Affirmative Defense as to all allegations and claims in BooksOnBoard's Amended Complaint. Macmillan sets forth below its additional affirmative defenses in response to BooksOnBoard's Amended Complaint. Each defense is asserted as to all claims against Macmillan. By setting forth these affirmative defenses, Macmillan does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the plaintiffs. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the plaintiff's allegations.

As separate and distinct affirmative defenses, Macmillan alleges as follows:

## FIFTEENTH DEFENSE

Plaintiff's claims against Macmillan are barred because the conduct alleged in the Amended Complaint has not had a direct, substantial, and reasonably foreseeable effect on export trade or export commerce with foreign nations, of a person engaged in such trade or commerce in the United States, and does not otherwise satisfy the elements of the Foreign Trade Antitrust Improvements Act as codified at 15 U.S.C. § 6a.

## SIXTEENTH DEFENSE

Plaintiff's claims against Macmillan are barred, in whole or in part, because the new allegations added in Plaintiff's Amended Complaint exceed the scope of the amendment permitted by the Court in its December 3, 2014 Order granting leave to amend.

## ADDITIONAL DEFENSES

Macmillan hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent Macmillan may share in such a defense. Macmillan reserves the right to amend this Answer, and to assert additional defenses, cross-claims, and third party claims in this action when and if they become appropriate.

WHEREFORE, Macmillan seeks judgment:

A. Dismissing with prejudice all claims asserted against Macmillan;

B. Awarding the costs of defending this action, including reasonable attorneys' fees, costs, and disbursements; and

C. Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
February 9, 2015

SIDLEY AUSTIN LLP

By: /s/ Joel M. Mitnick
Joel M. Mitnick
John J. Lavelle
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-5300
Fax: (212) 839-5599
Email: jmitnick@sidley.com
jlavelle@sidley.com

*Attorneys for Defendants Holtzbrinck Publishers, LLC d/b/a Macmillan and Verlagsgruppe Georg Von Holtzbrinck GmbH*