UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABBEY HOUSE MEDIA, INC. d/b/a BOOKSONBOARD,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC.; HACHETTE BOOK GROUP, INC.; HARPERCOLLINS PUBLISHERS, L.L.C.; VERLAGSGRUPPE GEORG VON HOLTZBRINCK GMBH; HOLTZBRINCK PUBLISHERS, LLC d/b/a MACMILLAN; THE PENGUIN GROUP, A DIVISION OF PEARSON PLC.; and SIMON & SCHUSTER, INC.,<br><br>Defendants. | 14 Civ. 2000 (DLC) |

## ANSWER AND AFFIRMATIVE DEFENSES OF VERLAGSGRUPPE GEORG VON HOLTZBRINCK GMBH TO THE BOOKSONBOARD AMENDED COMPLAINT

Pursuant to Rules 7, 8, and 15 of the Federal Rules of Civil Procedure, Defendant Verlagsgruppe Georg Von Holtzbrinck GmbH ("VGvH") hereby responds as follows to the allegations of the First Amended Complaint (14-cv-2000 Docket Entry 89) (the "Amended Complaint") by Abbey House Media, Inc. d/b/a BooksOnBoard ("BooksOnBoard"), and avers generally that the responses contained herein are with respect to the allegations of the Amended Complaint directed to VGvH only, as it is not required to respond to allegations put forth against any other Defendant, and because VGvH does not publish or distribute e-books, it denies knowledge or information sufficient to form a belief as to the truth of any allegations concerning these activities. Except as specifically admitted, VGvH denies the allegations in the Amended Complaint. Unless otherwise noted, all references to a specified paragraph refer to the numbered paragraphs in the Amended Complaint.

1. Pursuant to Federal Rule of Civil Procedure 10(c), VGvH hereby incorporates its answer filed on July 21, 2014 (14-cv-2000 Docket Entry 48) ("VGvH's Answer"). VGvH avers that BooksOnBoard's Amended Complaint is largely duplicative of its Complaint; that BooksOnBoard's Amended Complaint paragraphs 1-95 correspond to BooksOnBoard's Complaint paragraphs 1-95; that BooksOnBoard's Amended Complaint paragraphs 98-114 correspond to BooksOnBoard's Complaint paragraphs 96-112; and that BooksOnBoard's Amended Complaint paragraphs 118-133 correspond to BooksOnBoard's Complaint paragraphs 113-128. In particular, as to paragraphs 1-95 of BooksOnBoard's Amended Complaint, VGvH incorporates paragraphs 1-95, and all its affirmative defenses, from VGvH's July 21, 2014 Answer to the corresponding paragraphs in BooksOnBoard's Amended Complaint. As to paragraphs 98-114 of BooksOnBoard's Amended Complaint, VGvH incorporates paragraphs 96-112, and all its affirmative defenses, from VGvH's July 21, 2014 Answer to the corresponding paragraphs in BooksOnBoard's Amended Complaint. As to paragraphs 118-133 of BooksOnBoard's Amended Complaint, VGvH incorporates paragraphs 113-129, and all its affirmative defenses, from VGvH's July 21, 2014 Answer to the corresponding paragraphs in BooksOnBoard's Amended Complaint.

2. As to BooksOnBoard's Amended Complaint paragraph 96, VGvH avers that to the extent the allegations in paragraph 96 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, VGvH is not obligated to respond. VGvH denies the allegations in paragraph 96 to the extent that they relate to VGvH. VGvH lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 96, and on that basis denies them.

3. As to BooksOnBoard's Amended Complaint paragraph 97, VGvH avers that to the extent the allegations in paragraph 97 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, VGvH is not obligated to respond. VGvH denies the remaining allegations in paragraph 97 to the extent that they relate to VGvH. VGvH lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 97, and on that basis denies them.

4. As to BooksOnBoard's Amended Complaint paragraph 115, VGvH avers that to the extent the allegations in paragraph 115 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, VGvH is not obligated to respond. VGvH admits that plaintiffs purport to quote excerpts from a decision by this Court following a trial between the United States and Apple in which VGvH did not take part and that has no preclusive effect as to VGvH, and refers to the quoted order for a true and complete statement of its contents. VGvH avers that to the extent the allegations in paragraph 115 purport to state a legal conclusion, no response is required. To the extent a response is required, VGvH denies the remaining allegations in paragraph 115.

5. As to BooksOnBoard's Amended Complaint paragraph 116, VGvH avers that to the extent the allegations in paragraph 116 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, VGvH is not obligated to respond. VGvH further avers that to the extent the allegations in paragraph 116 purport to state a legal conclusion, no response is required. VGvH denies that it entered into an agency distribution agreement with BooksOnBoard to sell e-books in the United States or in any territories outside the United States. VGvH denies the remaining allegations in paragraph 116 to the extent that

they relate to VGvH. VGvH lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 116, and on that basis denies them.

6. As to BooksOnBoard's Amended Complaint paragraph 117, VGvH avers that to the extent the allegations in paragraph 117 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, VGvH is not obligated to respond. VGvH further avers that to the extent the allegations in paragraph 117 purport to state a legal conclusion, no response is required. VGvH denies the remaining allegations in paragraph 117 to the extent that they relate to VGvH. VGvH lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 117, and on that basis denies them.

To the extent that the Amended Complaint sets forth any allegations to which VGvH has not responded above, these are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Federal Rule of Civil Procedure 10(c), VGvH hereby incorporates its First through Sixteenth Affirmative Defenses filed on July 21, 2014 (14-cv-2000 Docket Entry 48) and asserts each incorporated Affirmative Defense as to all allegations and claims in BooksOnBoard's Amended Complaint. VGvH sets forth below its additional affirmative defenses in response to BooksOnBoard's Amended Complaint. Each defense is asserted as to all claims against VGvH. By setting forth these affirmative defenses, VGvH does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the plaintiffs. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the plaintiff's allegations.

As separate and distinct affirmative defenses, VGvH alleges as follows:

## SEVENTEENTH DEFENSE

Plaintiff's claims against VGvH are barred because the conduct alleged in the Amended Complaint has not had a direct, substantial, and reasonably foreseeable effect on export trade or export commerce with foreign nations, of a person engaged in such trade or commerce in the United States, and does not otherwise satisfy the elements of the Foreign Trade Antitrust Improvements Act as codified at 15 U.S.C. § 6a.

## EIGHTEENTH DEFENSE

Plaintiff's claims against VGvH are barred, in whole or in part, because the new allegations added in Plaintiff's Amended Complaint exceed the scope of the amendment permitted by the Court in its December 3, 2014 Order granting leave to amend.

## ADDITIONAL DEFENSES

VGvH hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent VGvH may share in such a defense. VGvH reserves the right to amend this Answer, and to assert additional defenses, cross-claims, and third party claims in this action when and if they become appropriate.

WHEREFORE, VGvH seeks judgment:

- A. Dismissing with prejudice all claims asserted against VGvH;
- B. Awarding the costs of defending this action, including reasonable attorneys' fees, costs, and disbursements; and
- C. Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      February 9, 2015

                              SIDLEY AUSTIN LLP


By:   /s/ Joel M. Mitnick
       Joel M. Mitnick
       John J. Lavelle
       787 Seventh Avenue
       New York, New York 10019
       Tel:   (212) 839-5300
       Fax:   (212) 839-5599
       Email:  jmitnick@sidley.com
                 jlavelle@sidley.com

*Attorneys for Defendants Holtzbrinck Publishers, LLC d/b/a Macmillan and Verlagsgruppe Georg Von Holtzbrinck GmbH*