UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABBEY HOUSE MEDIA, INC. d/b/a BOOKSONBOARD,<br><br>       Plaintiff,<br><br> v.<br><br>APPLE, INC.; HACHETTE BOOK GROUP, INC.; HARPERCOLLINS PUBLISHERS, L.L.C.; VERLAGSGRUPPE GEORG VON HOLTZBRINCK GMBH; HOLTZBRINCK PUBLISHERS, LLC d/b/a MACMILLAN; THE PENGUIN GROUP, A DIVISION OF PEARSON PLC.; and SIMON & SCHUSTER, INC.<br><br>       Defendants. | 14 Civ. 2000 (DLC) |

**SIMON & SCHUSTER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE BOOKSONBOARD AMENDED COMPLAINT**

   Pursuant to Rules 7, 8, and 15 of the Federal Rules of Civil Procedure, Defendant Simon & Schuster, Inc. ("S&S") hereby answers the First Amended Complaint (14-cv-2000 Docket Entry 89) (the "Amended Complaint") by Abbey House Media, Inc. d/b/a BooksOnBoard ("BooksOnBoard") as follows. Except as specifically admitted, S&S denies the allegations in the Complaint. Unless otherwise noted, all references to a specified paragraph refer to the numbered paragraphs in the Amended Complaint.

   1.  Pursuant to Federal Rule of Civil Procedure 10(c), S&S hereby incorporates its answer filed on July 21, 2014 (14-cv-2000 Docket Entry 52) ("S&S's Answer"). S&S avers that BooksOnBoard's Amended Complaint is largely duplicative of its Complaint; that BooksOnBoard's Amended Complaint paragraphs 1-95 correspond to BooksOnBoard's Complaint paragraphs 1-95; that BooksOnBoard's Amended Complaint paragraphs 98-114

1

WEIL:\95225019\5\80758.0310

correspond to BooksOnBoard's Complaint paragraphs 96-112; and that BooksOnBoard's Amended Complaint paragraphs 118-133 correspond to BooksOnBoard's Complaint paragraphs 113-128. In particular, as to paragraphs 1-95 of BooksOnBoard's Amended Complaint, S&S incorporates paragraphs 1-95, and all its affirmative defenses, from S&S's July 21, 2014 answer to the corresponding paragraphs in BooksOnBoard's Amended Complaint. As to paragraphs 98-114 of BooksOnBoard's Amended Complaint, S&S incorporates paragraphs 96-112, and all its affirmative defenses, from S&S's July 21, 2014 answer to the corresponding paragraphs in BooksOnBoard's Amended Complaint. As to paragraphs 118-133 of BooksOnBoard's Amended Complaint, S&S incorporates paragraphs 113-128, and all its affirmative defenses, from S&S's July 21, 2014 answer to the corresponding paragraphs in BooksOnBoard's Amended Complaint.

2. As to BooksOnBoard Amended Complaint paragraph 96, S&S avers that to the extent the allegations in paragraph 96 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, S&S is not obligated to respond. S&S admits that it entered into agency retail distribution agreements with e-book retailers in the United States beginning as of April 2010. S&S further admits that it subsequently entered into an agency retail distribution agreement with BooksOnBoard acting as a sub-agent to sell e-books in the United States, that it entered into agency retail distribution agreements in the United Kingdom, and that BooksOnBoard became a sub-agent with respect to one agency agreement in the United Kingdom. S&S denies the remaining allegations in paragraph 96 to the extent that they relate to S&S. S&S lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 96, and on that basis denies them.

WEIL:\95225019\5\80758.0310

3. As to BooksOnBoard Amended Complaint paragraph 97, S&S avers that to the extent the allegations in paragraph 97 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, S&S is not obligated to respond. S&S admits that it entered into an agency retail distribution agreement with BooksOnBoard acting as a sub-agent to sell e-books in the United States, that it subsequently entered into agency retail distribution agreements in the United Kingdom and in Australia, and that BooksOnBoard became a sub-agent with respect to agency agreements in the United Kingdom and Australia. S&S denies the remaining allegations in paragraph 97 to the extent that they relate to S&S. S&S lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 97, and on that basis denies them.

4. As to BooksOnBoard Amended Complaint paragraph 115, S&S avers that to the extent the allegations in paragraph 115 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, S&S is not obligated to respond. S&S admits that plaintiffs purport to quote excerpts from a decision by this Court following a trial between the United States and Apple in which S&S did not take part and that has no preclusive effect as to S&S, and refers to the quoted order for a true and complete statement of its contents. S&S avers that to the extent the allegations in paragraph 115 purport to state a legal conclusion, no response is required. To the extent a response is required, S&S denies the remaining allegations in paragraph 115.

5. As to BooksOnBoard Amended Complaint paragraph 116, S&S avers that to the extent the allegations in paragraph 116 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, S&S is not obligated to respond. S&S denies the remaining allegations in paragraph 116 to the extent that they relate to S&S. S&S

WEIL:\95225019\5\80758.0310

avers that to the extent the allegations in paragraph 116 purport to state a legal conclusion, no response is required. S&S lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 116, and on that basis denies them.

6. As to BooksOnBoard Amended Complaint paragraph 117, S&S avers that to the extent the allegations in paragraph 117 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, S&S is not obligated to respond. S&S further avers that to the extent the allegations in paragraph 117 purport to state a legal conclusion, no response is required. S&S denies the remaining allegations in paragraph 117 to the extent that they relate to S&S. S&S lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 117, and on that basis denies them.

To the extent that the Complaint sets forth any allegations to which S&S has not responded above, these are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Federal Rule of Civil Procedure 10(c), S&S hereby incorporates its First through Fourteenth Affirmative Defenses filed on July 21, 2014 (14-cv-2000 Docket Entry 52) and asserts each incorporated Affirmative Defense as to all allegations and claims in BooksOnBoard's Amended Complaint. S&S sets forth below its additional affirmative defenses in response to BooksOnBoard's Amended Complaint. Each defense is asserted as to all claims against S&S. By setting forth these affirmative defenses, S&S does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the plaintiffs. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the plaintiff's allegations.

As separate and distinct affirmative defenses, S&S alleges as follows:

4

## FIFTEENTH DEFENSE

Plaintiff's claims against S&S are barred because the conduct alleged in the complaint has not had a direct, substantial, and reasonably foreseeable effect on export trade or export commerce with foreign nations, of a person engaged in such trade or commerce in the United States, and does not otherwise satisfy the elements of the Foreign Trade Antitrust Improvements Act as codified at 15 U.S.C. § 6a.

## SIXTEENTH DEFENSE

Plaintiff's claims against S&S are barred, in whole or in part, because the new allegations added in Plaintiff's Amended Complaint exceed the scope of the amendment permitted by the Court in its December 3, 2014 Order granting leave to amend.

## ADDITIONAL DEFENSES

S&S hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent S&S may share in such a defense. S&S reserves the right to amend this Answer, and to assert additional defenses, cross-claims, and third party claims in this action when and if they become appropriate.

WHEREFORE, S&S seeks judgment:

A. Dismissing with prejudice all claims asserted against S&S;

B. Awarding the costs of defending this action, including reasonable attorneys' fees, costs, and disbursements; and

C. Granting such other and further relief as this Court may deem just and proper.

Dated: February 9, 2015    By: /s/ Yehudah L. Buchweitz
James W. Quinn
Yehudah L. Buchweitz
Jeff L. White
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
james.quinn@weil.com
yehudah.buchweitz@weil.com
jeff.white@weil.com

***Attorneys for Simon & Schuster, Inc.***

WEIL:\95225019\5\80758.0310