Saul P. Morgenstern
Margaret A. Rogers
KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Tel:  (212) 836-8000
Fax:  (212) 836-8689

*Attorneys for Defendant*
*The Penguin Group, A Division of Pearson PLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ABBEY HOUSE MEDIA, INC. d/b/a BOOKSONBOARD, <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC.; HACHETTE BOOK GROUP, INC.; HARPERCOLLINS PUBLISHERS, L.L.C.; VERLAGSGRUPPE GEORG VON HOLTZBRINCK GMBH; HOLTZBRINCK PUBLISHERS, LLC D/B/A MACMILLAN; THE PENGUIN GROUP, A DIVISION OF PEARSON PLC.; AND SIMON & SCHUSTER, INC., <br><br> Defendants. | Case No. 14-CV-2000 (DLC) <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE PENGUIN GROUP, A DIVISION OF PEARSON PLC, TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant The Penguin Group, A Division of Pearson PLC, now doing business as Penguin Group (USA) LLC ("Penguin"), by and through its undersigned counsel, and for its Answers and Affirmative Defenses to Plaintiff Abbey House, Inc., d/b/a BooksOnBoard, Limited's First Amended Complaint filed in the United States District Court for the Southern District of New York, state as follows:

62560780

## ANSWERS TO THE FIRST AMENDED COMPLAINT

1.      Pursuant to Federal Rule of Civil Procedure 10(c), Penguin hereby incorporates its answer filed on July 21, 2014 (14-cv-2000 Docket Entry 53) ("Penguin's Answer").  Penguin avers that BooksOnBoard's Amended Complaint is largely duplicative of its Complaint; that BooksOnBoard's Amended Complaint paragraphs 1-95[1] correspond to BooksOnBoard's Complaint paragraphs 1-95; that BooksOnBoard's Amended Complaint paragraphs 98-114 correspond to BooksOnBoard's Complaint paragraphs 96-112; and that BooksOnBoard's Amended Complaint paragraphs 118-133 correspond to BooksOnBoard's Complaint paragraphs 113-128.    In particular, as to paragraphs 1-95 of BooksOnBoard's Amended Complaint, Penguin incorporates paragraphs 1-95, and all its affirmative defenses, from Penguin's July 21, 2014 answer to the corresponding paragraphs in BooksOnBoard's Amended Complaint.  As to paragraphs 98-114 of BooksOnBoard's Amended Complaint, Penguin incorporates paragraphs 96-112, and all its affirmative defenses, from Penguin's July 21, 2014 answer to the corresponding paragraphs in BooksOnBoard's Amended Complaint.  As to paragraphs 118-133 of BooksOnBoard's Amended Complaint, Penguin incorporates paragraphs 113-128, and all its affirmative defenses, from Penguin's July 21, 2014 answer to the corresponding paragraphs in BooksOnBoard's Amended Complaint.

2.      As to BooksOnBoard Amended Complaint paragraph 96, Penguin avers that to the extent the allegations in paragraph 96 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, Penguin is not obligated to respond.    Penguin denies the allegations set forth in numbered paragraph 96 of the BooksOnBoard Amended Complaint as to Penguin, and denies knowledge or information

---

[1]      Unless otherwise noted, all references to a specified paragraph refer to the numbered paragraphs in the First Amended Complaint.

sufficient to form a belief as to the truth of the allegations as to others, except admits that Penguin initially adopted the agency distribution model in the United states only, and subsequently added agency in other markets.

3.      As to BooksOnBoard Amended Complaint paragraph 97, Penguin avers that to the extent the allegations in paragraph 97 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, Penguin is not obligated to respond.  Penguin denies the allegations set forth in numbered paragraph 97 of BooksOnBoard Amended Complaint as to Penguin, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to others.

4.      As to BooksOnBoard Amended Complaint paragraph 115, Penguin avers that to the extent the allegations in paragraph 115 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, Penguin is not obligated to respond.   Penguin denies the allegations set forth in numbered paragraph 115 of the BooksOnBoard Amended Complaint as to Penguin, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to others, except admits that the language is selectively quoted from Judge Cote's *U.S. v. Apple Inc.* opinion and respectfully refers the Court to the opinion for a full and complete understanding of its contents and significance, if any, to this case.  To the extent the allegations in paragraph 115 purport to state a legal conclusion, no response is required.

5.      As to BooksOnBoard Amended Complaint paragraph 116, Penguin avers that to the extent the allegations in paragraph 116 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, Penguin is not obligated to respond.  Penguin denies the allegations set forth in numbered paragraph 116 of BooksOnBoard

Amended Complaint as to Penguin, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to others.  To the extent the allegations in paragraph 116 purport to state a legal conclusion, no response is required.

6.     As to BooksOnBoard Amended Complaint paragraph 117, Penguin avers that to the extent the allegations in paragraph 117 exceed the scope of the amendment permitted in the Court's December 3, 2014 Order granting leave to amend, Penguin is not obligated to respond.   Penguin denies the allegations set forth in numbered paragraph 117 of the BooksOnBoard Amended Complaint as to Penguin, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to others.  To the extent the allegations in paragraph 117 purport to state a legal conclusion, no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Federal Rule of Civil Procedure 10(c), Penguin hereby incorporates its First through Fourteenth Affirmative Defenses filed on July 21, 2014 (14-cv-2000 Docket Entry 53) and asserts each incorporated Affirmative Defense as to all allegations and claims in BooksOnBoard's Amended Complaint.   Penguin sets forth below its additional affirmative defenses in response to BooksOnBoard's Amended Complaint.  Each defense is asserted as to all claims against Penguin.  By setting forth these affirmative defenses, Penguin does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the plaintiffs.  Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the plaintiff's allegations.

As separate and distinct affirmative defenses, Penguin alleges as follows:

62560780                                                    4

## FIFTEENTH DEFENSE

Plaintiff's claims against Penguin are barred because the conduct alleged in the complaint has not had a direct, substantial, and reasonably foreseeable effect on export trade or export commerce with foreign nations, of a person engaged in such trade or commerce in the United States, and does not otherwise satisfy the elements of the Foreign Trade Antitrust Improvements Act as codified at 15 U.S.C. § 6a.

## SIXTEENTH DEFENSE

Plaintiff's claims against Penguin are barred, in whole or in part, because the new allegations added in Plaintiff's Amended Complaint exceed the scope of the amendment permitted by the Court in its December 3, 2014 Order granting leave to amend.

## ADDITIONAL DEFENSES

Penguin hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent Penguin may share in such a defense.  Penguin hereby gives notice that it intends to assert and rely upon such other defenses and affirmative defenses that may become available or apparent as this action proceeds, and thus reserves the right to amend this Answer to assert such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Penguin prays that the Court enter judgment (a) Dismissing BooksOnBoard's Amended Complaint with prejudice; (b) Awarding to Penguin its costs, including, reasonable attorneys' fees; and (c) Granting such other and further relief as this Court may deem just and proper.

Dated: February 9, 2015                              Respectfully submitted,

                                                      /s/ Saul P. Morgenstern
                                                     Saul P. Morgenstern
                                                     saul.morgenstern@kayescholer.com
                                                     Margaret A. Rogers
                                                     margaret.rogers@kayescholer.com
                                                        KAYE SCHOLER LLP
                                                     250 West 55th Street
                                                     New York, NY 10019
                                                     Telephone: (212) 836-8000
                                                     Facsimile: (212) 836-6333

                                                     *Attorneys for Defendant*
                                                       *The Penguin Group,*
                                                        *A Division of Pearson PLC*

62560780                                        6