UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABBEY HOUSE MEDIA, INC. d/b/a BOOKSONBOARD,<br><br>        Plaintiff,<br><br>        v.<br><br>APPLE, INC. et al.<br><br>        Defendants. | Civil Action No. 14-cv-2000 (DLC) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Hachette Book Group, Inc. ("Hachette"), by and through its undersigned attorneys Freshfields Bruckhaus Deringer US LLP, hereby submits this Answer and these Affirmative Defenses to the First Amended Complaint ("Amended Answer") of Plaintiff Abbey House Media, Inc. d/b/a BooksonBoard ("Plaintiff") dated January 23, 2015 (the "First Amended Complaint") as set forth herein.

## ANSWER

1. Apart from five amended paragraphs (¶¶ 96-97, 115-117), the First Amended Complaint is duplicative of Plaintiff's original complaint ("Original Complaint") filed on March 21, 2014 (Dkt No. 2). Accordingly, pursuant to Federal Rule of Civil Procedure 10(c), Hachette incorporates by reference its original answers and affirmative defenses to the Original Complaint ("Original Answer") filed on July 21, 2014 (Dkt. No. 49) as if restated in this Amended Answer and except as otherwise indicated as follows:

2. The First Amended Complaint's allegations set forth at paragraphs 1-95 correspond to paragraphs 1-95 of the Original Complaint and Hachette incorporates by

reference paragraphs 1-95 of its Original Answer as if restated in this Amended Answer.

3. The Fist Amended Complaint's allegations set forth at paragraphs 98-114 correspond to paragraphs 96-112 of the Original Complaint and Hachette incorporates by reference paragraphs 96-112 of its Original Answer as if restated in this Amended Answer.

4. The First Amended Complaint's allegations set forth at paragraphs 118-133 correspond to paragraphs 113-128 of the Original Complaint and Hachette incorporates by reference paragraphs 113-128 of its Original Answer as if restated in this Amended Answer.

5. To the extent not specifically admitted herein, Hachette denies all of the allegations in the First Amended Complaint and further states that the First Amended Complaint's remaining allegations (¶¶ 96-97, 115-117) exceed the scope of the Court's December 3, 2014 Order (Dkt. No. 83), which permitted plaintiffs "to amend their complaints to allege damages stemming from foreign sales and the loss of such sales." Accordingly, no response is required. To the extent a response to the First Amended Complaint's allegations set forth in Paragraphs 96-97 and 115-117 is required, Hachette states as follows:

6. Denies the allegations in Paragraph 96 of the First Amended Complaint insofar as they pertain to Hachette, except admit that Hachette adopted an agency sales model in the United States and Canada in or around April 2010. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the First Amended Complaint insofar as they do not pertain to Hachette.

7. Denies the allegations in Paragraph 97 of the First Amended Complaint

insofar as they pertain to Hachette, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the First Amended Complaint insofar as they do not pertain to Hachette.

8. Paragraph 115 of the First Amended Complaint states legal conclusions to which Hachette need not respond. To the extent a response is required, Hachette denies the allegations in Paragraph 115 of the First Amended Complaint insofar as they pertain to Hachette and denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 115 insofar as they do not pertain to Hachette.

9. Paragraph 116 of the First Amended Complaint states legal conclusions to which Hachette need not respond. To the extent a response is required, Hachette denies the allegations in Paragraph 116 of the First Amended Complaint insofar as they pertain to Hachette and denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 116 insofar as they do not pertain to Hachette.

10. Paragraph 117 of the First Amended Complaint states legal conclusions to which Hachette need not respond. To the extent a response is required, Hachette denies the allegations in Paragraph 117 of the First Amended Complaint insofar as they pertain to Hachette and denies knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 117 insofar as they do not pertain to Hachette.

## **AFFIRMATIVE DEFENSES**

1. As set forth in Paragraph 1 above, pursuant to Federal Rule of Civil Procedure 10(c), Hachette incorporates by reference the affirmative defenses (1-20) set forth in its Original Answer as if restated herein. Additionally, Hachette asserts as its twenty-first affirmative defense that Plaintiff's claims are barred, in whole or in part, its

failure to plead adequately or otherwise satisfy the elements of the Foreign Trade Antitrust Improvements Act.

WHEREFORE, Hachette seeks judgment: (i) dismissing the First Amended Complaint with prejudice; (ii) awarding costs and fees including reasonable attorneys' fees, costs, and disbursements incurred defending this action; and (iii) granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       February 9, 2015

Respectfully submitted,

FRESHFIELDS BRUCKHAUS DERINGER US LLP

/s/ *Michael Lacovara*

Michael Lacovara
Richard S. Snyder (*pro hac vice*)
Samuel J. Rubin

601 Lexington Avenue, 31st Floor
New York, New York 10022
(212) 277-4000 (phone)
(212) 277-4001 (fax)
michael.lacovara@freshfields.com
richard.snyder@freshfields.com
samuel.rubin@freshfields.com